**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE**

| | |
|---|---|
| In Re *Ex Parte* Application of Volkswagen AG and Audi AG,<br><br>    Applicants,<br><br>For an Order Pursuant to 28 U.S.C. § 1782 Granting Leave to Obtain Discovery for Use in Foreign Proceedings. | Case No. _____ |

**DECLARATION OF PROF. DR. TILMAN MÜLLER-STOY IN SUPPORT OF *EX PARTE* APPLICATION OF VOLKSWAGEN AG AND AUDI AG
FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 GRANTING LEAVE
TO OBTAIN DISCOVERY FOR USE IN FOREIGN PROCEEDINGS**

1

I, Tilman Müller-Stoy, hereby declare as follows:

1. I am a registered UPC (Unified Patent Court) representative and attorney at law admitted to practice in Germany and at the UPC. I am a senior partner at the Munich office of the law firm Bardehle Pagenberg. I make this declaration based on my own personal knowledge and based on documents that I have reviewed. If called as a witness, I could and would competently testify to the matters stated herein.

2. I submit this declaration in support of the *Ex Parte* Application of Volkswagen AG and Audi AG for an Order Pursuant to 28 U.S.C. § 1782 Granting Leave to Obtain Discovery for Use in Foreign Proceedings ("Application").

**PERSONAL BACKGROUND AND EXPERIENCE**

3. I studied law at the at the University of Regensburg, Germany, and the University of Aberdeen, United Kingdom, and completed my Referendariat (legal clerkship) in the circuit of the Higher Regional Court Munich, including visiting stages in the U.S. at the law firms Baker Botts (Austin office) and Leydig Voit & Mayer (Chicago office). I have been admitted as a Rechtsanwalt (attorney at law) to practice before the German courts since 2004 and I was registered as UPC representative in May 2023. I specialize in global patent litigation and have handled hundreds of patent litigation proceedings not only in Germany but also at the UPC as lead counsel. I am recognized as a leading UPC and German patent litigator in all relevant lawyer directories.

4. In addition, I am an Honorary Professor for Patent Law at the Technical University of Munich and have been working as a visiting lecturer in IP Law at the Technical University of Munich since 2009. I also taught patent law at the Center for Advanced Study and Research on Intellectual Property (CASRIP) of the University of Washington School of Law and as part of

Dresden University of Technology's LL.M. program "International Studies in Intellectual Property Law". I am a frequent speaker at national and international conferences on patent litigation and patent law. I am a Board Member of LESI (Licensing Executive Society International) and of LES Germany (Licensing Executive Society Germany). I am a Member of the Editorial Board of EPLAW (European Patent Lawyers Association) and of the German Patent Law Magazine GRUR Patent.

## BACKGROUND ON NST'S UPC LITIGATIONS

5. I represent Applicants Volkswagen AG and Audi AG ("Applicants") in connection with litigation, described more fully below, that Network System Technologies, LLC ("NST") has brought against Applicants in the UPC.

6. Volkswagen AG ("VW") is a corporation organized under the laws of Germany with its principal place of business in Wolfsburg, Germany. Audi AG ("Audi") is a corporation organized under the laws of Germany with its principal place of business in Ingolstadt, Germany.

7. NST is a Delaware limited liability company and maintains its principal place of business at 533 Congress Street, Portland, ME 04101. Ex. H at 1; Ex. K at 1. NST is amenable to service via its registered agent in Maine, Corporation Service Company, located at 45 Memorial Circle, Augusta, ME 04330. Ex. H at 1. NST has two known principals: Thomas Loureiro, who resides in Maine, Exs. I, J & K, and Warren Hurwitz, who resides in New York, Exs. M & K. Both individuals are believed to be personally involved in NST's operations, including its various litigations. Exs. K at 2; L at 3:18-20, 96:21-24 & 97:5-9; P at 2-3; N at 1.

8. NST has filed three UPC litigations against Applicants. These are summarized below:

3

| Court | Case Number | Filing Date | Defendants |
|---|---|---|---|
| UPC | ACT_597691/2023 | December 29, 2023 | Audi AG; Volkswagen AG; Texas Instruments Inc.; Texas Instruments Deutschland GmbH |
| UPC | ACT_597692/2023 | December 29, 2023 | Audi AG; Volkswagen AG; Texas Instruments Inc.; Texas Instruments Deutschland GmbH |
| UPC | ACT_597693/2023 | January 2, 2024 | Audi AG; Volkswagen AG; Texas Instruments Inc.; Texas Instruments Deutschland GmbH |

9.      Each UPC case asserts one European patent—Case No. ACT_597691/2023 involves European Patent No. 1,552,669, Case No. ACT_597692/2023 involves European Patent No. 1,875,683, and Case No. ACT_597693/2023 involves European Patent No. EP 1,552,399. Ex. E, Ex. F, Ex. G. These three European patents are part of the same patent family as various U.S. patents NST has asserted in Texas courts. Applicants were originally named as defendants in one of NST's Texas cases, but they were voluntarily dismissed by NST on April 5, 2023, before any discovery occurred. NST generally asserts that certain System-on-Chip (SoC) products infringe the European patents.

10.     The upcoming deadlines in the above UPC cases are as follows:

| Upcoming Deadline | ACT_597691/2023 EP 1,552,669 | ACT_597692/2023 EP 1,875,683 | ACT_597693/2023 EP 1,552,399 |
|---|---|---|---|
| **Preliminary Objection** according to Rule 19.1 Rules of Procedure (RoP) | March 3, 2024 | March 3, 2024 | March 3, 2024 |
| **Submission of Statement of Defense** | May 3, 2024 | May 3, 2024 | May 3, 2024 |

11.     In general, only the patent proprietor registered in the patent register is authorized to initiate legal proceedings at the UPC pursuant to Art. 47 I, II Agreement on a Unified Patent Court (UPCA). In case a patent was transferred and the new proprietor of the patent asserts, in its own name, claims for damages, claims for information and accounting, claims for recall, or claims

4

for destruction covering a period before the new patent proprietor was registered in the patent register, the new patent proprietor has, if contested, to prove that such claims have been duly assigned to the new patent proprietor, including but not limited to proof of the signatory authority of the individuals who executed any assignments. In case such assignment of rights was part of a foreign transaction subject to foreign law, the UPC must assess whether such assignment was valid under foreign law.

## SECTION 1782 APPLICATION

12. I have reviewed the discovery that Applicants seek through their § 1782 Application. I believe that the discovery will materially assist the Munich Local Division of the UPC in adjudicating the dispute between the parties. This discovery has not been produced in the UPC proceedings.

13. The UPC is an international tribunal within the meaning of § 1782 because it is grounded in inter-governmental authority and is imbued with the power to adjudicate the merits of patent disputes, including deciding issues of infringement, validity, enforceability, and remedies. Cf. Art. 1, 32 UPCA. In particular, the UPC is an international court common to seventeen European Union Member States in which the UPCA is in force, including Austria, Belgium, Bulgaria, Denmark, Estonia, Finland, France, Germany, Italy, Latvia, Lithuania, Luxembourg, Malta, Netherlands, Portugal, Slovenia, and Sweden. Decisions by the UPC are appealable to a Court of Appeal in Luxembourg, and then potentially to the Court of Justice of the European Union.

14. The UPC lacks jurisdiction over witnesses located in the U.S. and cannot compel a production of evidence relating to documents located in the U.S. That is, the UPC may order a party to present documents which are located in the U.S., however, the Court has no means to

compel the production if their order is disobeyed and they cannot compel a witness located in the U.S. to testify at a deposition or otherwise (Art. 59 UPCA).

15. Applicants seek specific information from NST and Thomas Loureiro that is directly relevant to disputed issues in NST's litigations against Applicants at the UPC. This includes issues of patent infringement, patent validity, patent enforceability, patent damages, standing to sue, injunctive relief, and post-trial relief.

16. NST is by definition a party to the UPC litigations it filed against Applicants. Importantly, however, the discovery that Applicants seek here under § 1782 is not available of right in the UPC. Applicants cannot compel this discovery from NST or Mr. Loureiro, and neither is expected to voluntarily provide this information.

17. If Applicants' § 1782 request is granted and Applicants obtain their requested discovery, the UPC will accept such evidence. Cf. Art. 53 I UPCA. There is no statute or rule at the UPC prohibiting such evidence obtained in the U.S. under § 1782. To the contrary, such evidence would be material, helpful, and relevant to the UPC in making complete and factually-grounded rulings.

18. Applicants' requested discovery is also relevant to the issue of whether NST may lack standing to sue in the UPC. Pursuant to Art. 83 III UPCA, it is possible to opt out from the exclusive competence of the UPC. After an opt-out, jurisdiction lies again with the national courts. Withdrawal of the opt-out is possible under Art. 83 IV UPCA in conjunction with Rule 5 of the Rules of Procedure (RoP), according to which the exclusive jurisdiction of the UPC is only restored if the opt-out has been effectively withdrawn. Here, Applicants' proposed discovery relates to NST's procedural maneuvering regarding opting out of the UPC and withdrawing the opt out, and hence is directly relevant to NST's standing to sue at the UPC.

19. Similarly, Applicants' proposed discovery relates to NST's purported purchase and ownership of the asserted patents, and whether other entities (e.g., Philips) may retain interests in the patents that could defeat NST's standing to sue. This requested discovery is also thus highly relevant to whether NST has standing to bring and maintain its UPC actions.

20. With respect to standing, the assignment histories of the patents are also relevant to NST's standing to sue Applicants. Pursuant to Art. 47 I, II UPCA, only the patent proprietor registered in the patent register and their licensee (under certain conditions) and under conditions specified in Art. 47 VI UPCA a third party is generally authorized to initiate legal proceedings. When a patent has been transferred and the new proprietor of the patent asserts, in its own name, claims for damages, claims for information and accounting, or claims for recall covering a period before the new patent proprietor was registered in the patent register, the new patent proprietor must prove that these claims have been assigned to the new patent proprietor. The necessary proof includes proving that those who executed any assignments had the signatory authority to do so. If the assignment of patent rights was part of a foreign transaction, the UPC must also determine that the assignment complied with the relevant foreign law.

21. Prior art in NST's possession is also clearly relevant to the issue of patent invalidity, and NST's knowledge of such prior art bears on the reasonableness of its decision to bring its lawsuits in the UPC in the first place. The UPC would be receptive to such evidence which constitutes evidence under Art. 53 UPCA, and it would bear directly on the issue of validity.

22. Determining the scope of patent claims is needed before any assessment of infringement or validity can occur. The UPC engages in a process of claim construction, and would likely be interested in evidence regarding the scope of NST's claims—e.g., NST's

statements regarding claim scope in the Texas litigations or otherwise.

23. Likewise, assessments of infringement and the technical characteristics of the accused products here bear directly on the issue of infringement. Insofar as NST has characterized or analyzed the accused products, this information would be material to the pending UPC proceedings.

24. The UPC proceedings do not provide discovery processes such as those available in U.S. courts, e.g., pursuant to § 1782, and Applicants cannot compel production of highly relevant documents and testimony in the same comprehensive way from NST or Thomas Loureiro in those proceedings.

25. Applicants also seek information regarding valuations, or damages associated with alleged infringement, of NST's patents, as well as the patents' negotiation history, any license agreements, and any settlement agreements. This information is directly relevant to the computation of any alleged damages in the UPC cases. The UPC would be receptive to all such evidence.

26. Whether NST has licensed its patents is also of course highly relevant to potential defenses such as license and implied license. For example, if entities that may supply components or technologies to Applicants have a license to the asserted patents, this may potentially be case-dispositive for Applicants in the UPC litigations.

27. The assessment of whether NST is entitled to injunctive relief bears, in part, on the relationship between the parties to the UPC cases, including whether or not they compete in the market. If the parties are not competitors, the likelihood of injunctive relief is reduced.

28. Similarly, Applicants' requests also address NST's financing, investment, and turnover. This information is highly relevant to NST's responsibility and ability to post a bond

(e.g., for procedural costs or if it seeks to enforce an injunction in the UPC cases), or pay Applicants' fees and costs if Applicants prevail in the UPC cases.

29. Indeed, the UPC allows for the prevailing party to recover the costs of litigation under Art. 69, 70 of the UPCA and R. 150-157 RoP. As a general rule, reasonable and proportionate legal costs and other expenses incurred by the successful party shall be borne by the unsuccessful party, Art. 69 I UPCA. In addition, pursuant to R. 158.1 RoP, a party may file an application for security for costs at any time during the proceedings.

## AUTHORITY OF THE UPC

30. A concept of discovery and/or document production comparable to a proceeding pursuant to § 1782 does not exist under the UPC procedural law, as the U.S. system is a common law system. Furthermore, under UPC law, lacking case law to the contrary, the Court does not have authority to compel a foreign national residing and/or located outside a UPCA member state to appear in a UPC court to provide testimony.

31. Thus, the UPC cannot compel NST to produce the information identified in Applicants' proposed discovery requests, even though it is directly relevant and material to the issues raised in the UPC proceedings, as this U.S. court can. Particularly, the UPC can only request the production of documents specifically identified or referred to by a party of the UPC Proceedings, and does not have the authority to investigate, or to order the investigation of facts or documents not already specified by the parties to the action, Cf. Art. 59 I UPCA and R. 190.1 RoP.

## RECEPTIVITY OF THE UPC TO EVIDENCE PROCURED THROUGH U.S. ASSISTANCE

32. While the UPC cannot itself order discovery through § 1782, it will nevertheless be receptive to evidence obtained through § 1782 proceedings in the United

9

States. Under UPC law, any documents obtained in a U.S. Application pursuant to 28 U.S.C. § 1782 can be formally introduced into the proceedings by offer of proof, and the UPC court would—without prejudice to its decision about the admission and consideration of the particular document introduced according to rules regarding the admissibility of evidence—accept such offer of proof. Moreover, any transcript of sworn testimony given under oath, such as a U.S. deposition of the type requested by Applicants, can be formally introduced into the UPC proceedings by offer of proof of the document pursuant to Art. 53 UPCA, and the UPC would—without prejudice to its decision about the admission and consideration of the particular document introduced as evidence according to rules regarding the admissibility of evidence—accept such offer of proof.

33. While there is to my knowledge no UPC decision yet addressing the issue of § 1782 discovery specifically (the UPC only started its operations on June 1, 2023), there is caselaw of for instance the German Federal Supreme Court which has confirmed that the enforcement of a U.S. judgment in Germany is not precluded due to it being based on evidence obtained in pre-trial discovery proceedings in the United States (Federal Supreme Court, decision of June 4, 1992, NJW 1992, 3096, 3099, holding that the reliance on evidence obtained through discovery does not violate German public order). Pursuant to art. 24 e) UPCA, national law is a source of law for the UPC. Therefore, it can be assumed that the UPC would be receptive to U.S. discovery, too. The German Federal Supreme Court's holding has been interpreted in German literature as supporting the submission of evidence obtained under Section 1782 discovery proceedings. Once submitted in the German proceedings, the court will then consider the documents or testimony. *See, e.g.*, *Schönknecht*, Beweisbeschaffung in den USA zur Verwendung in deutschen Verfahren, GRURint 2011,

1000, 1007 with reference to *Eschenfelder*, Verwertbarkeit von Discovery-Ergebnissen in deutschen Zivilverfahren, RIW 2006, 443,447; *see also Müller-Stoy,* Grundzüge des U.S.-amerikanischen Patentverletzungsverfahrens, GRUR Int. 2005, 558, 563).  It can be assumed that the UPC will pursue a similar approach as the UPC is formally equivalent to a national court of an EU member state.  Furthermore, there is no law, rule of evidence, or rule of procedure in the Rules of Procedure of the UPC that prohibits a party from seeking discovery pursuant to § 1782, and then using any evidence obtained through a § 1782 application in UPC court proceedings.

34.   As the UPC would accept the formal introduction of the requested documents and testimony by offer of proof, the ordering of such discovery by a court in the United States would not offend the UPC or violate any order of such court.

35.   As explained above, the UPC will accept submissions relying on evidence obtained in § 1782 proceedings and treat them as evidence in the UPC proceedings. I am not aware of any case law and I do not expect future case law prohibiting use of information and documents, such as the discovery sought by Applicants, which were obtained under discovery proceedings under 28 U.S.C. § 1782 in the UPC.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: March 4, 2024

By: /s/ Tilman Müller-Stoy
Prof. Tilman Müller-Stoy