AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Maine

| | | |
|---|---|---|
| Volkswagen AG and Audi AG (Applicants) | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. |
| Ex Parte | ) | |
| | ) | |
| *Defendant* | ) | |

EXHIBIT A

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: NETWORK SYSTEM TECHNOLOGIES LLC, 533 CONGRESS STREET, PORTLAND, ME 04101

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment 1

| Place: TAYLOR MCCORMACK & FRAME, LLC<br>267 Commercial Street, Portland, ME 04101 | Date and Time:<br>04/01/2024 9:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

*CLERK OF COURT*

OR

_____                    _____
*Signature of Clerk or Deputy Clerk*                              *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Volkswagen AG and Audi AG (Applicants) , who issues or requests this subpoena, are:

Adam S. Taylor, 267 Commercial Street Portland, ME 04101, ataylor@tmfattorneys.com, 207-347-4265

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

# PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

*Server's signature*

*Printed name and title*

*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# ATTACHMENT 1

# DEFINITIONS

1. The terms "You," "Your," and "NST" refer to Network System Technologies, LLC, its predecessors-in-interest, parents, subsidiaries, joint ventures, affiliates, and other legal entities that are wholly or partially owned or controlled by Network System Technologies, LLC, either directly or indirectly, and the principals, directors, officers, owners, members, representatives, employees, agents, consultants, accountants, and attorneys of each such entity, including, in particular, Warren Hurwitz and Thomas Loureiro.

2. The term "Philips" refers to Koninklijke Philips Electronics N.V. and Koninklijke Philips N.V., their predecessors-in-interest, parents, subsidiaries, joint ventures, affiliates, and other legal entities that are wholly or partially owned or controlled by Koninklijke Philips Electronics N.V. and/or Koninklijke Philips N.V., either directly or indirectly, and the principals, directors, officers, owners, members, representatives, employees, agents, consultants, accountants, and attorneys of each such entity.

3. "Asserted Patents" shall mean the European Patents Nos. EP 1,875,683, EP 1,552,669, and EP 1,552,399, and any Related Patent individually or in combination.

4. "Accused Products" shall mean any product, system, component, method, service, or other instrumentality that NST accuses of infringement by Volkswagen AG and/or Audi AG in the Litigations ("vehicles and components thereof, containing ICs that incorporate, implement, utilize, include, or otherwise comprise NoCs designed using tools from the company Arteris Inc. ("Arteris NoC") or NoCs which are materially similar (core-identical) to such Arteris NoCs", in particular "vehicles that incorporate, for example, MIB High, MIB II and MIB III infotainment systems as well as advanced driver-assistance systems (ADASs) that contain TI NoC ICs"), referred to as "Infringing Embodiments III" (with regard to Volkswagen AG) and "Infringing Embodiments IV" (with regard to Audi AG) in the complaints in the Litigations.

5. "Related Patent" shall mean any patent or application related to European Patents Nos. EP 1,875,683, EP 1,552,669, and EP 1,552,399, including international counterpart patents (e.g., U.S. Patents Nos. 7,366,818, 7,373,449, 7,594,052, 7,769,893, 8,072,893, and 8,086,800), or their corresponding applications, whether by means of a continuation, continuation-in-part, division, reexamination, correction, or re-issue, whether issued, pending, or abandoned.

6. "Litigations" shall mean Unified Patent Court Cases Nos. ACT_597691/2023, ACT_597692/2023, and ACT_597693/2023.

7. "MIB" shall mean any Modularer Infotainment Baukasten or modular infotainment system.

8. "ADAS" shall mean any advanced driver assistance system.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1**:
Documents sufficient to show all documents and communications relating to the prosecution history of the Asserted Patents, all prior art to the Asserted Patents, and all documents relating to NST's knowledge of prior art to the Asserted Patents.

**REQUEST FOR PRODUCTION NO. 2**:
Documents sufficient to show all documents and communications relating to any opt-out or withdrawal of an opt-out with regard to each of the Asserted Patents.

**REQUEST FOR PRODUCTION NO. 3**:
The power of attorney of Christian Pioch regarding the declaration to opt-out with regard to each of the Asserted Patents.

**REQUEST FOR PRODUCTION NO. 4**:
The power of attorney of Xingye Huang to withdraw the opt-out with regard to each of the Asserted Patents.

**REQUEST FOR PRODUCTION NO. 5**:
Documents sufficient to show all documents and communications relating to any interpretation of the claims of the Asserted Patents, whether from lay individuals, experts, or other individuals.

**REQUEST FOR PRODUCTION NO. 6**:
Documents sufficient to show all documents and communications relating to all statements, estimates, opinions, or analyses of alleged infringement of the Asserted Patents by the Accused Products, whether from lay individuals, experts, or other individuals, and of NST's and Philips' knowledge thereof.

**REQUEST FOR PRODUCTION NO. 7**:
Documents sufficient to show all documents and communications relating to all statements, estimates, opinions, or analyses of valuations, or damages associated with alleged infringement, of the Asserted Patents, including reasonable license fees, whether from lay individuals, experts, or other individuals.

**REQUEST FOR PRODUCTION NO. 8**:
Documents sufficient to show all documents and communications relating to specific Accused Products, technical commonalities among those Accused Products, and technical differences between those Accused Products.

**REQUEST FOR PRODUCTION NO. 9**:
All agreements between Philips and NST.

**REQUEST FOR PRODUCTION NO. 10**:
All agreements between Philips and any third party regarding the purchase, partial or full acquisition of rights in and assignment of at least one of the Asserted Patents, as well as the

partial or full purchase and assignment of any claims, including damages claims and claims for compensation, based on at least one of the Asserted Patents.

**REQUEST FOR PRODUCTION NO. 11**:
All agreements between NST and any third party regarding the purchase, partial or full acquisition of rights in and assignment of at least one of the Asserted Patents, as well as the partial or full purchase and assignment of any claims, including damages claims and claims for compensation, based on at least one of the Asserted Patents.

**REQUEST FOR PRODUCTION NO. 12**:
Documents sufficient to show all documents and communications relating to the purchase, partial or full acquisition of rights in and assignment of the Asserted Patents, as well as the partial or full purchase and assignment of any claims based on the Asserted Patents, whether direct or indirect over intermediate proprietors, including the full assignment and ownership history of the Asserted Patents.

**REQUEST FOR PRODUCTION NO. 13**:
All license agreements regarding the Asserted Patents and their corresponding negotiation history, including any license agreements concluded by Philips, and including any settlement agreements.

**REQUEST FOR PRODUCTION NO. 14**:
Documents sufficient to show all documents and communications relating to NST's plans, efforts, and activities to make or sell any products or services.

**REQUEST FOR PRODUCTION NO. 15**:
Documents sufficient to show all documents and communications relating to NST's directly and physically inspecting any physical Accused Product or component thereof of Volkswagen AG and/or of Audi AG.

**REQUEST FOR PRODUCTION NO. 16**:
All documents, communications, and things showing that any Modularer Infotainment Baukasten of Volkswagen AG and/or of Audi AG contain a Texas Instruments DRA79x Chip.

**REQUEST FOR PRODUCTION NO. 17**:
Documents sufficient to show all documents and communications showing that any ADAS of Volkswagen AG and/or of Audi AG contain a chip from Texas Instruments.

**REQUEST FOR PRODUCTION NO. 18**:
Documents sufficient to show NST's plans, efforts, and activities to obtain financing, including litigation financing and/or investment, including NST's capitalization.

**REQUEST FOR PRODUCTION NO. 19**:
Documents sufficient to show NST's yearly turnover since NST's foundations and current assets, including the jurisdictions in which those assets are located or controlled.