UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

|  |  |
|---|---|
| IN RE EX PARTE APPLICATION OF VOLKSWAGEN AG AND AUDI AG | No. 2:24-mc-00097-JAW |

**RECOMMENDED DECISION ON MOTION TO VACATE AND QUASH**

The Court previously granted Volkswagen AG and Audi AG's ex parte application to obtain discovery pursuant to 28 U.S.C. § 1782(a) from Network System Technologies (NST) and its president, Thomas Loureiro, for use in proceedings before the Unified Patent Court (UPC). *See* Order (ECF No. 8). NST and Loureiro now move to vacate the Court's order and quash the related subpoenas.[1] *See* Motion (ECF No. 23). For the reasons below, I recommend that the Court deny the motion.

### I. Background

The UPC is a relatively new tribunal, comprised of judges from participating member states of the European Union, that decides issues of infringement and

---

[1] In July 2024, after briefing on NST and Loureiro's pending motion was complete, Volkswagen and Audi notified this Court that NST settled its claims against the other defendants in the UPC litigation—the entities that supplied Volkswagen and Audi with the technology that allegedly infringes upon NST's patents—and named a new defendant-supplier to the action. *See* Notices (ECF Nos. 31-32). Volkswagen and Audi argue that these development add to the urgency of their discovery requests, but NST and Loureiro disagree. *See id;* Objection (ECF No. 33). Because I am recommending that the Court rule in favor of Volkswagen and Audi based on the parties' original briefing, I need not determine the significance of these developments. If the Court accepts my recommendation, I also recommend that it declare NST and Loureiro's objection to the notices moot.

1

validity of both unitary patents and classic European patents.  Council Agreement on a Unified Patent Court, 2013 O.J. (C 175) 56, 2, 4 (EU) [hereinafter UPCA].  UPC rulings are enforceable in all member states that have ratified the Agreement on a Unified Patent Court, an intergovernmental treaty that was signed in February 2013 but only entered into force in June 2023.  *See id.* at 20-22; The Unified Patent Court, https://www.unified-patent-court.org/en (last visited Oct. 9, 2024).

In December 2023 and January 2024, NST filed three lawsuits against Volkswagen and Audi in the UPC, each alleging infringement of a different European patent.  *See* Memorandum (ECF No. 5) at 5.  In March 2024, Volkswagen and Audi filed a section 1782(a) application in this Court requesting leave to issue subpoenas requiring NST and Loureiro to produce documents and deposition testimony for use in the UPC litigation.  *See* Application (ECF No. 1) at 1.  Volkswagen and Audi argued that section 1782(a) discovery is necessary because the requested material is critical to their defense before the UPC, NST had yet to produce the information, and the UPC offers no discovery mechanisms by which to obtain it.  *See* Memorandum at 6-7.

Volkswagen and Audi sought documents and deposition testimony pertaining to four categories of content: (1) "NST's litigation positions and related information" regarding "patent claim scope, alleged infringement, and invalidity"; (2) "NST's ownership [of the relevant patents] and standing to sue in the UPC"; (3) "NST's claims for damages based on alleged infringement, and potential defenses such as license and implied license"; and (4) "NST's status as a non-practicing, patent monetization entity, and ability to post a bond or satisfy a judgment of fees and costs."  *Id.*

2

The Court granted Volkswagen and Audi's section 1782(a) application a few days after it was filed. *See* Order at 1. On April 25, 2024, NST and Loureiro filed this motion to vacate the Court's prior order and quash the subpoenas that issued as a result of the order. *See generally* Motion.

## II. Legal Standard

Section 1782(a) authorizes a court to grant discovery in the United States for purposes of foreign litigation only if (1) the person from whom discovery is sought "resides or is found" in the court's district, (2) the discovery request seeks the person's "testimony or statement" or the production of "a document or other thing for use in a proceeding in a foreign or international tribunal," (3) the discovery request is made "by a foreign or international tribunal or upon the application of any interested person," and (4) the evidence sought is not protected by "any legally applicable privilege." 28 U.S.C. § 1782(a); *see also In re Schlich*, 893 F.3d 40, 46 (1st Cir. 2018).

If those statutory requirements are met, the court has the discretion, but is not mandated, to allow section 1782(a) discovery. *See In re Schlich*, 893 F.3d at 46 (citing *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 (2004)). Courts must wield this discretion "in light of the twin aims of the statute: 'providing efficient assistance to participants in international litigation and encouraging foreign countries by example to provide similar assistance to our courts,'" *id.* at 46-47 (quoting *Intel*, 542 U.S. at 252), and in so doing, consider the four factors identified by the Supreme Court in *Intel Corporation v. Advanced Micro Devices, Inc.*:

> (1) whether the discovery is sought from a participant in a foreign proceeding (thereby suggesting that the foreign tribunal might obtain

the discovery absent § 1782(a) aid); (2) the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to assistance from U.S. federal courts; (3) whether a section 1782 request conceals an attempt to circumvent foreign proof-gathering limits or other policies of a foreign country or the United States; and (4) whether the subpoena contains unduly intrusive or burdensome requests.

*In re Porsche Automobil Holding SE*, 985 F.3d 115, 120 (1st Cir. 2021) (cleaned up).

### III. Discussion

As a preliminary matter, NST and Loureiro concede that Volkswagen and Audi's section 1782(a) application satisfies the statutory requirements. *See* Motion at 7. I therefore need only address the discretionary *Intel* factors.[2]

#### a. The first *Intel* factor

The first *Intel* factor requires the Court to consider whether the discovery is sought from a participant in the foreign proceeding because, if so, "the need for § 1782(a) aid is generally not as apparent" considering a "foreign tribunal has jurisdiction over those appearing before it, and can itself order them to produce evidence." *Intel*, 542 U.S. at 264.

The parties agree that litigation before the UPC constitutes a "foreign proceeding" and that NST is a party participant in that proceeding. *See* Motion at 7; Response (ECF No. 24) at 8. However, NST and Loureiro challenge the argument in

---

[2] The parties each submitted declarations from subject matter experts in support of their respective interpretations of the UPC's authority, policies, and procedures. *See* Declaration of Dr. Tilman Müller-Stoy (ECF No. 1-2); Declarations of Dr. Thomas Gniadek (ECF Nos. 23-1, 28-1). While I considered these declarations, neither expert's opinion carried the day. *See Euromepa S.A. v. R. Esmerian, Inc.*, 51 F.3d 1095, 1099 (2d Cir. 1995) ("[I]t is unwise—as well as in tension with the aims of section 1782—for district judges to try to glean the accepted practices and attitudes of other nations from what are likely to be conflicting and, perhaps, biased interpretations of foreign law.").

4

Volkswagen and Audi's section 1782(a) application that Loureiro is not a participant in the UPC litigation because he is not a named party. *See* Motion at 7; Memorandum at 2, 18-19. NST and Loureiro assert, and Volkswagen and Audi do not contest, that Loureiro qualifies as a participant in the UPC litigation because the discovery sought from him relates to his activities for and on behalf of NST in his capacity as its president. *See* Motion at 8; Response at 1, 8-12; *see also In re Schlich*, No. 16-91278-FDS, 2016 WL 7209565, at *4-5 (D. Mass. Dec. 9, 2016) (finding that the first *Intel* factor weighed against granting section 1782(a) discovery where the respondent company was a party to the foreign proceeding and the material sought from the respondent employees of that company related to their employment and was within the tribunal's jurisdiction, even though the employees themselves were not participants in the foreign proceeding), *aff'd*, 893 F.3d 40 (1st Cir. 2018).

The question, then, is whether the UPC could itself order NST and Loureiro to produce the requested discovery. UPC Rule of Procedure 190(1) provides that

> [w]here a party has presented reasonably available and plausible evidence in support of its claims and has, in substantiating those claims, specified evidence which lies in the control of the other party or a third party, the [UPC] may on a reasoned request by the party specifying such evidence, order that other party or third party to produce such evidence.

Volkswagen and Audi argue that Rule 190(1) limits a party's discovery to material supporting its "claims," not its defenses. *See* Response at 10-11. NST and Loureiro propose that Rule 190(1) allows any party to request discovery relevant to and supportive of its position. *See* Motion at 10; Reply (ECF No. 28) at 3.

I find the latter interpretation more plausible because Rule 190(1)'s plain

5

language permits "a party" to request evidence in the control of "the other party or a third party," which suggests that the requesting party need not be a claimant. *Compare* UPCA, 2013 O.J. (C 175) 56, at 16 (Article 59) (stating that "a party" may request an order to produce evidence), *with id.* at 16-18 (Articles 60, 61, and 67) (stating that "the applicant" may request an order to preserve relevant evidence, freeze assets, or communicate certain information, respectively).

Accordingly, while I agree that the UPC's discovery provisions are more restrictive than those employed by this Court, I cannot conclude that Volkswagen and Audi are unable to obtain their requested materials through the UPC directly. A more definitive conclusion would require speculation about how the UPC might handle Volkswagen and Audi's hypothetical discovery request or an inappropriately in-depth interpretation of foreign law. *See Euromepa S.A.*, 51 F.3d at 1099-100 (2d Cir. 1995) (counseling against delving into the subtleties of foreign law when determining whether section 1782(a) discovery is proper).

Thus, the first *Intel* factor weighs against granting section 1782(a) discovery.

### b. The second *Intel* factor

The second *Intel* factor requires evaluating "the nature of the foreign tribunal, the character of the proceedings underway abroad," and the foreign tribunal's receptivity to assistance from United States federal courts. *Intel*, 542 U.S. at 264.

NST and Loureiro contend that the UPC is unlikely to be receptive to any section 1782(a) discovery because Volkswagen and Audi deliberately bypassed the tribunal's own proof-gathering procedures, thereby depriving the UPC of a chance to

6

make the initial relevance determination. *See* Motion at 12-13. Volkswagen and Audi argue that the UPC will be receptive to the requested 1782(a) discovery because it is highly relevant to the UPC litigation, and they cannot be faulted for seeking outside discovery where the UPC offers no comparable mechanism. *See* Response at 15-16.

As the parties' disparate forecasts make clear, the UPC's newness invites speculation. Likely for that reason, courts are split on how to weigh this factor. *Compare In re Netgear Inc.*, No. 23MC794-BLM, 2024 WL 390059, at *5 (S.D. Cal. Jan. 31, 2024) (concluding that the second *Intel* factor weighed against allowing discovery because the UPC is new and "it is unclear how [it] views section 1782 evidence or how receptive it is to U.S. federal-court jurisdictional assistance"), *with In re Volkswagen AG*, No. 24-MC-0832 (JS), 2024 WL 1556912, at *2 (E.D.N.Y. Apr. 10, 2024) (concluding that the second *Intel* factor favored granting section 1782(a) discovery because there was "no reason to believe the UPC [would] not be receptive to receiving evidence obtained via a United States proceeding").[3]

Although I am unpersuaded that the UPC's discovery protocols are insufficient, Volkswagen and Audi are correct that the requested materials appear relevant to the UPC patent litigation. NST and Loureiro, on the other hand, offer only conjecture that the UPC would refuse to consider section 1782(a) discovery.

Like the court in *In re Volkswagen AG*, I see no reason to believe that the UPC would be unreceptive to section 1782(a) discovery. But in the First Circuit, unlike in

---

[3] NST filed a largely identical motion to vacate and quash in the Eastern District of New York after the court granted Volkswagen and Audi's section 1782(a) application to issue subpoenas requesting documents and deposition testimony from NST's other principal, Warren Hurwitz, for use in the UPC litigation. *See In re Volkswagen AG,* 2024 WL 1556912, at *1. To date, the motion remains pending.

the Second Circuit, the absence of proof regarding the UPC's receptivity is not enough to support a finding that the second *Intel* factor weighs in favor of granting Volkswagen and Audi's application. *Compare In re Schlich*, 893 F.3d at 49-51 (rejecting the argument that the second *Intel* factor weighs in favor of granting section 1782(a) discovery unless the party opposing discovery presents "authoritative proof" that the foreign tribunal would be unreceptive to the evidence), *with Euromepa S.A.*, 51 F.3d at 1100-01 (concluding that courts should generally allow section 1782(a) discovery absent "authoritative proof" that the foreign tribunal would reject the evidence or be offended by the assistance of United States courts).

With that said, I also cannot adopt the court's finding in *In re Netgear Inc.* that this factor weighs against granting section 1782(a) discovery solely because too little is known about the UPC's receptivity. Such a cautious result runs contrary to the twin aims of the statute, which are to "provid[e] efficient assistance to participants in international litigation and encourag[e] foreign countries by example to provide similar assistance to our courts." *In re Schlich*, 893 F.3d at 46-47.

In the absence of clearer evidence of the UPC's receptivity from either party, the second *Intel* factor weighs neutrally on section 1782(a) discovery. *See id.* at 50 (cautioning that parties who rely on "blanket assertion[s]" of receptivity or fail to "properly substantiate [their] contentions run[] the risk of not persuading the court to exercise its discretion in [their] favor").

### c. The third *Intel* factor

The third *Intel* factor concerns whether the section 1782(a) discovery "request

8

conceals an attempt to circumvent foreign proof-gathering restrictions or other [foreign or domestic] policies." *Intel*, 542 U.S. at 265. This inquiry turns on "whether the discovery is being requested in bad faith." *In re Schlich*, 2016 WL 7209565, at *6.

NST and Loureiro contend that because the evidence that Volkswagen and Audi seek is discoverable in the UPC, their decision to seek discovery by way of section 1782(a) in lieu of the UPC's admittedly narrower proof-gathering protocols reveals their bad faith intent to circumvent the UPC's constraints. Motion at 10-12. Volkswagen and Audi counter that the UPC's stricter discovery rules tilt this factor in favor of permitting their requested discovery, there is no mandate that they attempt discovery through the UPC before resorting to section 1782(a), and there is no indication that they are acting in bad faith. *See* Response at 12-14

I cannot conclude that seeking evidence pursuant to section 1782(a) when discovery of the same material is presumably available through the foreign tribunal's own procedures is enough to infer bad faith circumvention. *See In re Schlich*, 2016 WL 7209565, at *6 (finding that the third *Intel* factor favored granting section 1782(a) discovery because the applicant's "request [was] not obviously frivolous, and it [did] not appear that he [was] seeking the discovery for improper means"). Nothing suggests that the UPC disfavors litigants who seek outside discovery or would reject judicial assistance from United States courts, much less that the requested discovery is beyond what the UPC itself would allow. Should the UPC in fact operate differently, it can simply reject the fruit of any section 1782(a) discovery.

Therefore, the third *Intel* factor favors granting section 1782(a) discovery.

### *d.* **The fourth *Intel* factor**

The fourth and final *Intel* factor pertains to whether the section 1782(a) discovery request is "unduly intrusive or burdensome." *Intel*, 542 U.S. at 265.

NST and Loureiro argue that allowing section 1782(a) discovery (1) erodes international comity because the subpoenas amount to a "fishing expedition" and the UPC would not accept evidence obtained through discovery so disproportionate to its own narrower standards, and (2) violates comity principles between federal courts because the subpoenas seek evidence covered by a protection order entered in a similar patent infringement action brought by NST in the Eastern District of Texas. *See* Motion at 14-16.  In response, Volkswagen and Audi note that NST and Loureiro made no specific objections to the scope of the subpoenas, NST has already produced most, if not all, of the requested discovery in the pending Eastern District of Texas litigation, and no case law bars this Court from ordering the discovery of material subject to a protection order entered in a separate action.[4]  *See* Response at 17-18.

Volkswagen and Audi have the better argument.  As discussed above, there is no indication that the UPC would not itself allow similar discovery or accept the results of the section 1782(a) subpoenas for use in its proceedings.  Moreover, the requested material appears relevant to the UPC litigation and not unduly burdensome, especially given Volkswagen and Audi's unchallenged representation

---

[4] Volkswagen and Audi also contend that NST and Loureiro waived any challenge to the scope of the subpoenas by failing to timely serve written objections pursuant to Fed. R. Civ. P. 45(d)(2)(B). *See* Response at 16.  Because I am recommending that the Court deny the pending motion to vacate and quash, I need not address the issue of waiver.  If the Court adopts my recommendation, I further recommend that it declare this particular argument moot.

that NST already produced the bulk of the evidence for discovery in the Eastern District of Texas action. *See In re Volkswagen AG*, 2024 WL 1556912, at *2 (arriving at the same conclusion). NST and Loureiro's contention that the protection order entered in the Eastern District of Texas prevents their production of the requested material defies common sense: the order is clearly intended to guard against the other parties' disclosure of materials NST designated as confidential and does not prevent NST from responding to subpoenas for its own materials in a separate matter.[5]

As such, this final factor weighs in favor of granting section 1782(a) discovery.

### IV.    Conclusion

Because the section 1782(a) statutory requirements have been met and, on balance, the discretionary *Intel* factors favor permitting discovery, I recommend that the Court **DENY** NST and Loureiro's motion to vacate the Court's order authorizing the requested discovery and to quash the subpoenas issued pursuant to that order.

### *NOTICE*

*A party may file objections to those specified portions of a Magistrate Judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the District Court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the District Court and to appeal the District Court's order.*

Dated: October 9, 2024           /s/ Karen Frink Wolf
                                  United States Magistrate Judge

---

[5] The protection order states that "[d]ocuments, information or material *produced pursuant to any discovery request in this Action* . . . shall be used by the Parties only in the litigation of this Action and shall not be used for any other purpose." Protection Order (ECF No. 23-3) at 6 (emphasis added).