IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | |
|---|---|
| In Re *Ex Parte* Application of Volkswagen AG and Audi AG,<br><br>    Applicants,<br><br>For an Order Pursuant to 28 U.S.C. § 1782 Granting Leave to Obtain Discovery for Use in Foreign Proceedings. | Case No. 2:24-mc-00097-JAW |

**APPLICANTS' RESPONSE TO
RESPONDENTS' OBJECTION TO RECOMMENDED DECISION**

## **TABLE OF CONTENTS**

I.      INTRODUCTION ........................................................................................................... 1

II.     BACKGROUND ............................................................................................................ 1

III.    LEGAL STANDARD..................................................................................................... 2

IV.     ARGUMENT.................................................................................................................. 3

        A.      The Recommended Decision is Non-Dispositive and Subject to Clear-Error
                Review ................................................................................................................ 3

        B.      The Recommended Decision Correctly Found that *Intel*'s Second Factor is
                Neutral................................................................................................................. 4

        C.      Respondents' "Bad Faith" Argument is Forfeited and Wrong ............................... 5

        D.      Respondents' "Intrusive and Burdensome" Argument Elides the Recommended
                Decision's Findings and the Relevance of the Discovery ...................................... 8

        E.      Applicants Respectfully Request an Order Compelling Compliance................... 10

V.      CONCLUSION............................................................................................................. 10

# **TABLE OF AUTHORITIES**

**Cases**

*Am. Income Life Ins. Co. v. FFL Onyx, LLC*,
    720 F. Supp. 3d 518 (E.D. Mich. 2024) .............................................................................. 3, 4

*Borden v. Sec'y of Health and Human Servs.*,
    836 F.2d 4 (1st Cir. 2002) ................................................................................................ 3, 6, 8

*Cal. State Teachers Retirement Sys. v. Novo Nordisk, Inc.*,
    No. 19-16458, 2020 WL 6336199 (D.N.J. Oct. 29, 2020) ......................................................... 4

*CFE Int'l LLC v. Antaeus Grp. LLC*,
    No. 1:23-CV-56-DII, 2023 WL 7181266 (W.D. Tex. Nov. 1, 2023) ..................................... 3-4

*CFE Int'l LLC v. Denham Cap. Mgmt. LP*,
    No. 1:22-mc-91355, Dkt. 79 (D. Mass. Aug. 18, 2023) ............................................................ 3

*Chevron Corp. v. Shefftz*,
    754 F. Supp. 2d 254 (D. Mass. 2010) ........................................................................................ 6

*Daedalus Prime LLC v. MediaTek USA Inc.*,
    No. 24-mc-80208-VKD, 2024 WL 4220000 (N.D. Cal. Sept. 16, 2024) ............................ 5, 7

*E.E.O.C. v. Kohl's Dept. Stores, Inc.*,
    No. 2:11-cv-320-JAW, 2012 WL 639693 (D. Me. Feb. 27, 2012) ......................................... 10

*Fed. Republic of Nigeria v. VR Advisory Servs., Ltd.*,
    27 F.4th 136 (2d Cir. 2022) ....................................................................................................... 7

*Goldenson v. Steffens*,
    No. 2:10-cv-00440, 2013 WL 433024 (D. Me. Feb. 1, 2013) ................................................... 2

*In re Application of CBRE Glob. Invs. (NL) B.V.*,
    No. 20-MC-315 (VEC), 2021 WL 2894721 (S.D.N.Y. July 9, 2021) ....................................... 8

*In re Belparts Grp., N.V.*,
    No. 3:21-mc-0062, 2021 WL 4942134 (D. Conn. Oct. 22, 2021) ............................................. 7

*In re General Elec. Co.*,
    No. 1:22-cv-91125, 2022 WL 16720425 (D. Mass. Nov. 4, 2022) ........................................... 6

*In re Hattori*,
    No. 21-mc-80236, 2021 WL 4804375 (N.D. Cal. Oct. 14, 2021) ............................................. 7

*In re Hulley Enters. Ltd.*,
   400 F. Supp. 3d 62 (S.D.N.Y. 2019) .................................................................................. 3, 4

*In re Kidd*,
   No. 3:20-cv-00800, 2020 WL 5594122 (D. Conn. Sept. 18, 2020) ........................................ 4

*In re Macquarie Bank, Ltd.*,
   No. 2:14-797, 2015 WL 3439103 (D. Nev. May 28, 2015) ................................................... 4

*In re Penner*,
   No. 17-cv-12136, 2017 WL 5632658 (D. Mass. Nov. 22, 2017) ........................................... 7

*In re Peruvian Sporting Goods S.A.C.*,
   No. 18-mc-91220, 2018 WL 7047645 (D. Mass. Dec. 7, 2018) ............................................ 7

*In re Pishevar*,
   439 F. Supp. 3d 290 (S.D.N.Y. 2020) ................................................................................... 4

*In re Plowiecki*,
   No. 21-23, 2021 WL 4973762 (D. Minn. Oct. 26, 2021) ...................................................... 4

*In re Pons*,
   614 F. Supp. 3d 1134 (S.D. Fla. 2020) .................................................................................. 4

*In re Porsche Automobile Hldg. SE*,
   No. 19-mc-91129, 2019 WL 5806913 (D. Mass. Nov. 6, 2019) ............................................ 6

*In re Sabag*,
   No. 1:19-mc-00084, 2022 WL 2763232 (S.D. Ind. July 15, 2022) ........................................ 4

*In re Sadeq*,
   No. 1:21mc6, 2022 WL 825505 (M.D.N.C. Mar. 18, 2022) .............................................. 2, 4

*In re Schlich*,
   893 F.3d 40 (1st Cir. 2018) .................................................................................................... 5

*In re Sergeeva*,
   No. 1:13-cv-3437, 2015 WL 12866970 (N.D. Ga. Feb. 6, 2015) .......................................... 4

*In re Tiberius Group AG*,
   No. 19-mc-467, 2020 WL 1140784 (S.D.N.Y. Mar. 6, 2020) ............................................... 8

*In re Volkswagen AG*,
   No. 24-MC-0832 (JS), 2024 WL 1556912 (E.D.N.Y. Apr. 10, 2024) ................................ 1, 2

*Intel Corp. v. Advanced Micro Devices, Inc.*,
   542 U.S. 241 (2004) ....................................................................................................... passim

*JSC MCC EuroChem v. Chauhan*,
  No. 3:17-00005, 2018 WL 3872197 (M.D. Tenn. Aug. 15, 2018)............................................. 4

*Matter of Upper Brook Cos.*,
  No. 22-mc-97, 2022 WL 18046694 (S.D.N.Y. Dec. 29, 2022).................................................. 7

*Nichiei Intec Co., Ltd.*,
  No. 2:23-mc-00066, 2023 WL 7001666 (W.D. Wash. Oct. 24, 2023) ..................................... 7

*Official Comm. of Unsecured Creditors v. CalPERS Corp. Partners, LLC*,
  No. 1:18-cv-68, 2019 WL 3573652 (D. Me. Aug. 6, 2019) ....................................................... 3

*Phinney v. Wentworth Douglas Hosp.*,
  199 F.3d 1 (1st Cir. 1999)........................................................................................................... 3

*Sampedro v. Silver Point Cap., L.P.*,
  958 F.3d 140 (2d Cir. 2020) ....................................................................................................... 3

*Simpson v. Corizon Health, Inc.*,
  No. 1:15-cv-357, 2017 WL 24232 (W.D. Mich. Jan. 3, 2017).................................................. 5

*Williamson v. Horizon Lines LLC*,
  248 F.R.D. 79 (D. Me. 2008)............................................................................................. 3, 6, 8

**Statutes**

28 U.S.C. § 1782................................................................................................................... passim

28 U.S.C. § 636(b)(1)(A)................................................................................................................ 3

**Regulations**

Fed. R. Civ. P. 72(a). ............................................................................................................. 1, 2, 3

Fed. R. Civ. P. 72(b)(3).................................................................................................................. 1

I.      INTRODUCTION

The Magistrate Judge's Recommended Decision, Dkt. 35, is correct on the law and the facts. Respondents offer no reason to overrule any part of it.

The great majority of district courts, including those in the First Circuit, view magistrates' rulings under 28 U.S.C. § 1782 as discovery rulings, which are subject to clear-error review under Fed. R. Civ. P. 72(a). Disregarding this body of case law, Respondents assume without discussion that de novo review applies under Fed. R. Civ. P. 72(b)(3). Respondents are incorrect.

Regardless of the review standard, moreover, the Recommended Decision contains no legal or factual error and warrants adoption on its merits. Respondents fault the Magistrate Judge for citing *In re Volkswagen*,[1] but fail to articulate any purported error in her analysis and ignore the wealth of case law supporting her. Respondents' contention that *Intel*'s third factor should not look for "bad faith" underlying a § 1782 application disregards First Circuit case law. This argument is not only legally wrong, but it was never made to the Magistrate Judge and is thus forfeited. Lastly, Respondents' argument that discovery would be "intrusive and burdensome" forgets that Respondents have already produced most if not all of the requested discovery in their Texas litigations, and that reproducing the discovery to Applicants presents no cognizable burden. This argument is also forfeited since Respondents never objected to Applicants' subpoenas, and wrong in terms of the ongoing relevance of Applicants' discovery requests.

II.     BACKGROUND

This action relates to three patent litigations filed by Network System Technologies, LLC ("NST") against Applicants before the Local Division of the Unified Patent Court ("UPC") in Munich, Germany. Because NST declined to produce the vast majority of its relevant documents

---

[1] *In re Volkswagen AG*, No. 24-MC-0832 (JS), 2024 WL 1556912 (E.D.N.Y. Apr. 10, 2024).

1

in connection with its pleadings, and heavily redacted what it did produce, Applicants sought discovery under 28 U.S.C. § 1782 to develop their defenses. *See* Dkt. 24 at 2. Applicants seek discovery here from NST itself and its co-principal, Thomas Loureiro. *Id*. at 4. Applicants also seek § 1782 discovery in New York from NST's other co-principal, Warren Hurwitz. *Id*.

The Court granted Applicants' request here on March 7, 2024, Dkt. 8, and the New York court did likewise on April 10, 2024. As the New York court explained, § 1782's statutory requirements and "each of the discretionary *Intel* Factors weigh in [Applicants'] favor." *See In re Volkswagen*, 2024 WL 1556912, at *2-3 (citing *Intel Corp. v. Advanced Micro Devices, Inc*., 542 U.S. 241, 264 (2004)). Respondents and Mr. Hurwitz resisted each ruling, filing motions to quash and vacate in both courts. This Court recommended denying Respondents' motion, Dkt. 35, and the New York court has yet to rule on Mr. Hurwitz's similar motion.

### III. LEGAL STANDARD

"[D]iscovery issues" decided by a magistrate are "not dispositive of a party's claim or defense" and thus are reviewed under Fed. R. Civ. P. 72(a)'s clear-error standard. *Goldenson v. Steffens*, No. 2:10-cv-00440, 2013 WL 433024, at *4 (D. Me. Feb. 1, 2013). For this reason, the great majority of district courts find magistrates' § 1782 decisions non-dispositive and subject to clear-error review. *See, e.g.*, *In re Sadeq*, No. 1:21mc6, 2022 WL 825505, at *27 (M.D.N.C. Mar. 18, 2022) ("The Court sees no reason to deviate from this majority view or to treat this [§ 1782] matter differently from other discovery disputes.") (quoted source omitted); *see infra*.

Non-dispositive rulings by magistrate judges are adopted unless "clearly erroneous" or "contrary to law." Fed. R. Civ. P. 72(a). Under this standard, district courts "accept both the trier's findings of fact and the conclusions drawn therefrom unless, after scrutinizing the entire record, [they] 'form a strong, unyielding belief that a mistake has been made.'" *Official Comm. of Unsecured Creditors v. CalPERS Corp. Partners, LLC*, No. 1:18-cv-68, 2019 WL 3573652, at

2

*1 (D. Me. Aug. 6, 2019) (quoting *Phinney v. Wentworth Douglas Hosp.*, 199 F.3d 1, 4 (1st Cir. 1999)).

Arguments not raised before a magistrate are forfeited. *Williamson v. Horizon Lines LLC*, 248 F.R.D. 79, 83 (D. Me. 2008); *Borden v. Sec'y of Health and Human Servs.*, 836 F.2d 4, 6 (1st Cir. 2002) ("Parties must take before the magistrate, not only their best shot, but all of their shots.") (cleaned up).

## IV. ARGUMENT

### A. The Recommended Decision is Non-Dispositive and Subject to Clear-Error Review

Respondents assume, without argument, that Fed. R. Civ. P. 72(b)(3)'s "de novo" standard of review applies here. Dkt. 36 at 3-4. Respondents are incorrect. The great majority of district courts find that a magistrate judge's rulings on § 1782 discovery are non-dispositive and thus subject to "clearly erroneous" review under Fed. R. Civ. P. 72(a). This includes courts in the First Circuit. *See, e.g.*, *CFE Int'l LLC v. Denham Cap. Mgmt. LP*, No. 1:22-mc-91355, Dkt. 79 (D. Mass. Aug. 18, 2023) (Ex. A at 11) ("As an initial matter, and even though the ruling is framed as a report and recommendation, the Court concludes that the Magistrate Judge's ruling on a request under § 1782 is non-dispositive, and therefore should be reviewed under the 'clearly erroneous or contrary to law' standard set forth in 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72)(a).") (citing *In re Hulley Enters. Ltd.*, 400 F. Supp. 3d 62, 71-72 (S.D.N.Y. 2019)). The Second Circuit holds the same. *Sampedro v. Silver Point Cap., L.P.*, 958 F.3d 140, 142 n.1 (2d Cir. 2020) (agreeing that "clear error" review applies to § 1782 order).

Numerous other district courts likewise apply Fed. R. Civ. P. 72(a)'s "clearly erroneous" standard to magistrates' § 1782 rulings. *See, e.g.*, *Am. Income Life Ins. Co. v. FFL Onyx, LLC*, 720 F. Supp. 3d 518, 519 n.2 (E.D. Mich. 2024); *CFE Int'l LLC v. Antaeus Grp. LLC*, No. 1:23-

3

CV-56-DII, 2023 WL 7181266, at *3 (W.D. Tex. Nov. 1, 2023); *In re Sabag*, No. 1:19-mc-00084, 2022 WL 2763232, at *1 (S.D. Ind. July 15, 2022); *Sadeq*, 2022 WL 825505, at *27; *In re Plowiecki*, No. 21-23, 2021 WL 4973762, at *5 (D. Minn. Oct. 26, 2021); *Cal. State Teachers Retirement Sys. v. Novo Nordisk, Inc.*, No. 19-16458, 2020 WL 6336199, at *4 (D.N.J. Oct. 29, 2020); *In re Pishevar*, 439 F. Supp. 3d 290, 301 (S.D.N.Y. 2020); *In re Hulley*, 400 F. Supp at 71-72; *In re Kidd*, No. 3:20-cv-00800, 2020 WL 5594122, at *2 (D. Conn. Sept. 18, 2020); *In re Pons*, 614 F. Supp. 3d 1134, 1141 (S.D. Fla. 2020); *JSC MCC EuroChem v. Chauhan*, No. 3:17-00005, 2018 WL 3872197, at *1 (M.D. Tenn. Aug. 15, 2018); *In re Macquarie Bank, Ltd.*, No. 2:14-797, 2015 WL 3439103, at *2-3 (D. Nev. May 28, 2015); *In re Sergeeva*, No. 1:13-cv-3437, 2015 WL 12866970, at *1-2 (N.D. Ga. Feb. 6, 2015).

Consistent with "the majority of persuasive authority on this topic," *Am. Income Life Ins.*, 720 F. Supp. 3d at 519 n.2 (cleaned up), the Recommended Decision is non-dispositive and subject to clear-error review. As discussed below, moreover, the Recommended Decision would merit adoption even under de novo review because it contains no legal or factual error.

### B. The Recommended Decision Correctly Found that *Intel*'s Second Factor is Neutral

Respondents object to the Recommended Decision's citation to *In re Volkswagen* on grounds that case is "virtually identical" to this case. Dkt. 36 at 3, 6. This is a non sequitur. *In re Volkswagen* supports the Recommended Decision *because* it involves similar facts and legal issues.

Respondents also criticize the procedural posture of *In re Volkswagen* because it involves a pending motion to quash similar to that decided here. Dkt. 36 at 6. This challenge is empty. It fails to confront the substance of *In re Volkswagen*, including the guidance that "courts generally should err on the side of permitting the requested § 1782 discovery unless there is authoritative

4

proof that the foreign tribunal would not accept the discovery." 2024 WL 1556912, at *2 (cleaned up). Applicants supported this point with six cases holding the same. Dkt. 1-1 at 19. Respondents do not address any of this case law. Dkt. 36 at 5-7. Nor do Respondents identify "authoritative proof"—or any proof—that the UPC would be unreceptive to Applicants' requested discovery. *Id*. The Recommended Decision was thus correct to find that "[i]n the absence of clearer evidence of the UPC's receptivity from either party, the second *Intel* factor weighs neutrally on section 1782(a) discovery." Dkt. 35 at 8. Respondents have never shown otherwise and do not now.

Lastly, Respondents assert that the Recommended Decision should have gone "the same way" as *In re Netgear Inc.*, No. 23MC794-BLM, 2024 WL 390059 (S.D. Cal. Jan. 31, 2024). Dkt. 36 at 6-7. The Recommended Decision expressly rejected that position and provided the reason— "[s]uch a cautious result runs contrary to the twin aims of the statute, which are to 'provid[e] efficient assistance to participants in international litigation and encourag[e] foreign countries by example to provide similar assistance to our courts.'" Dkt. 35 at 8 (quoting *In re Schlich*, 893 F.3d 40, 46-47 (1st Cir. 2018)). Nowhere do Respondents address this reasoning. Respondents' "mere disagreement" with the Recommended Decision is no basis for objection. *Simpson v. Corizon Health, Inc.*, No. 1:15-cv-357, 2017 WL 24232, at *2 (W.D. Mich. Jan. 3, 2017). Further, courts after *Netgear* have explained—contrary to Respondents' position—that without "reliable evidence indicating that the UPC would not be receptive to [§ 1782 discovery], this factor *weighs in favor of*" § 1782 discovery. *Daedalus Prime LLC v. MediaTek USA Inc.*, No. 24-mc-80208-VKD, 2024 WL 4220000, at *6 (N.D. Cal. Sept. 16, 2024) (emphasis added). The Recommended Decision did not err in weighing *Intel*'s second factor.

C. **Respondents' "Bad Faith" Argument is Forfeited and Wrong**

According to Respondents, the Recommended Decision erred by inquiring whether the Application sought in "bad faith" to circumvent foreign proof-gathering restrictions. Dkt. 36 at 7-

5

8. This argument fails four times over.

First, never in their briefing before the Magistrate Judge did Respondents contend that the test for "circumvention" does not consider bad faith. *See* Dkt. 23; Dkt. 28. This argument is forfeited now. *Williamson*, 248 F.R.D. at 83; *Borden*, 836 F.2d at 6.

Second, Applicants showed that this factor "boils down to whether the discovery is being sought in bad faith," and absent bad faith "[t]he third *Intel* factor weighs in [an Applicant's] favor." *See In re Porsche Automobile Hldg. SE*, No. 19-mc-91129, 2019 WL 5806913, at *8 (D. Mass. Nov. 6, 2019); *see also In re General Elec. Co.*, No. 1:22-cv-91125, 2022 WL 16720425, at *6 (D. Mass. Nov. 4, 2022) ("The inquiry here is whether the discovery is being sought in bad faith."); *Chevron Corp. v. Shefftz*, 754 F. Supp. 2d 254, 262 (D. Mass. 2010) ("The inquiry here is whether the discovery is being sought in bad faith," and absent bad faith *Intel*'s third factor "weighs heavily in favor of granting discovery"); Dkt. 1-1 at 21-22 (citing *Porsche*, *General Elec.*, *Chevron*, and other cases). While Respondents allege error, nowhere do they address any of this First Circuit law. Nor do they identify any contrary First Circuit case law. Instead, Respondents rely only on out-of-circuit cases that do not support them in any event. Dkt. 36 at 7-9. As Respondents concede, "[n]one of these cases discussed or required a bad faith determination[.]" Dkt. 36 at 9. Respondents' cases thus depart from the law in this Circuit.

Third, Respondents do not challenge the Recommended Decision's finding that "[n]othing suggests that the UPC disfavors litigants who seek outside discovery or would reject judicial assistance from United States courts, much less that the requested discovery is beyond what the UPC itself would allow." Dkt. 35 at 9. This uncontested finding by the Magistrate Judge is both correct and independently sufficient to support the Recommended Decision's treatment of *Intel*'s third factor. *See In re Hattori*, No. 21-mc-80236, 2021 WL 4804375, at *4 (N.D. Cal. Oct. 14,

6

2021) ("The question under this prong is whether the foreign court would be affronted by the applicant's resort to U.S. discovery."); *Nichiei Intec Co., Ltd.*, No. 2:23-mc-00066, 2023 WL 7001666, at *4 (W.D. Wash. Oct. 24, 2023) (weighing *Intel*'s third factor in favor of discovery where nothing about foreign tribunal "would prohibit obtaining discovery through" § 1782).

Fourth, while Respondents assert the Magistrate Judge "misses the point" of *Intel*'s third factor, it is Respondents who stray from the law. Respondents emphasize the purported "availability of the same materials through the UPC's own discovery procedures," Dkt. 36 at 7, but courts recognize "the question is not whether evidence-gathering procedures are available in the foreign forum," *Daedalus Prime*, 2024 WL 4220000, at *7. Indeed, in the First Circuit case law cited by Applicants, the availability of some discovery in a foreign tribunal is *not* sufficient to find improper circumvention. *See, e.g.*, *In re Penner*, No. 17-cv-12136, 2017 WL 5632658, at *3 (D. Mass. Nov. 22, 2017) (finding § 1782 requests made in good faith despite foreign litigant providing "*some* discovery" in foreign proceedings) (emphasis in original); *In re Peruvian Sporting Goods S.A.C.*, No. 18-mc-91220, 2018 WL 7047645, at *7 (D. Mass. Dec. 7, 2018) (allowing § 1782 discovery despite limited discovery opportunities in Peruvian court).

Likewise, the Second Circuit explains: "If there are two equally valid means to the same end and neither is meant to restrict use of the other, the choice of one over the other is not 'circumvention.'" *Fed. Republic of Nigeria v. VR Advisory Servs., Ltd*., 27 F.4th 136, 153 (2d Cir. 2022). Numerous cases thus allow § 1782 discovery despite some scope of discovery in the foreign court. *See, e.g., Matter of Upper Brook Cos.*, No. 22-mc-97, 2022 WL 18046694, at *7-8 (S.D.N.Y. Dec. 29, 2022) (allowing § 1782 discovery and rejecting argument that applicant should have sought discovery in Dutch court); *In re Belparts Grp., N.V*., No. 3:21-mc-0062, 2021 WL 4942134, at *5 (D. Conn. Oct. 22, 2021) ("This Court further declines to infer evidence of bad

7

faith from Belparts' decision to seek § 1782 discovery, rather than to seek the same information through foreign tribunals, which, as Belimo USA concedes, have discovery limitations that render the requested information potentially inaccessible."); *In re Application of CBRE Glob. Invs. (NL) B.V.*, No. 20-MC-315 (VEC), 2021 WL 2894721, at *10-11 (S.D.N.Y. July 9, 2021) (permitting § 1782 discovery even though party "could access the requested information in the foreign litigations"); *In re Tiberius Group AG*, No. 19-mc-467, 2020 WL 1140784, at *5 (S.D.N.Y. Mar. 6, 2020) ("Therefore, the mere fact that Applicant did not seek the discovery in Nigeria and that it would not have been granted if Applicant had done so, if true, would not be sufficient on their own to warrant denial of the application."). The Recommended Decision did not err.

### D. Respondents' "Intrusive and Burdensome" Argument Elides the Recommended Decision's Findings and the Relevance of the Discovery

Respondents claim that "recent developments" at the UPC cause *Intel*'s fourth factor to weigh against discovery. Dkt. 36 at 9. This argument fails for four reasons.

First, the Magistrate Judge correctly noted "Volkswagen and Audi's unchallenged representation that NST already produced the bulk of the evidence for discovery in" NST's Texas litigations. Dkt. 35 at 10-11. Again now, Respondents do not dispute that all or nearly all of the requested discovery has already been produced in their parallel litigations, and that they can easily reproduce that discovery here. *See* Dkt. 36 at 9-12. Applicants' requested discovery is not "unduly intrusive or burdensome." *Intel*, 542 U.S. at 264.

Second, while Respondents claim that two UPC rulings render certain discovery categories "moot," Dkt. 36 at 10-11, Respondents never raised this argument before the Magistrate Judge. The orders Respondents cite issued on September 17, 2024 and September 18, 2024 (Ex. 2, Ex. 1)—three weeks before the Recommended Decision. By failing to raise their mootness argument before, the argument is forfeited now. *Williamson*, 248 F.R.D. at 83; *Borden*, 836 F.2d at 6.

8

Third, Respondents' mootness argument is wrong. According to Respondents, discovery on "NST's ownership [of the relevant patents] and standing to sue in the UPC" is moot because Applicants challenged NST's standing in preliminary objections—*without* the requested discovery—and did not prevail. Dkt. 36 at 10-11. This is nonsensical. At the time of Applicants' preliminary objections, and now, they *lacked access* to the requested discovery regarding NST's ownership and standing. Respondents cannot point to that lack of discovery as a reason for denying the discovery. Only through access to the requested evidence can Applicants determine whether defects in NST's ownership and standing exist. As just one example, Applicants' Request for Production No. 9 relates to NST's purported purchase and ownership of the asserted patents, and whether other entities (e.g., Philips, the original patentee) may retain ownership interests. *See* Dkt. 1-1 at 11. This request and the others remain relevant.

Respondents similarly claim that evidence regarding "NST's status as a non-practicing, patent monetization entity, and ability to post a bond or satisfy a judgment of fees and cost" is moot because NST has already posted a bond in the UPC cases. Dkt. 36 at 11. These topics remain relevant even after NST's bond. For example, Applicants explained that their Request for Production Nos. 14, 18, and 19 address whether NST is entitled to injunctive relief, which is an issue of ongoing relevance in the UPC cases. *See* Dkt. 1-1 at 12-13. Respondents do not disagree.

Respondents' assertion that discovery regarding "NST's claims for damages based on alleged infringement, and potential defenses such as license and implied license" is moot ignores the obvious. Dkt. 36 at 11. Beyond the issue of patent exhaustion relating to Texas Instruments, *id.*, patent exhaustion (and defenses of license and implied license) may arise regarding *any other licensee* of the asserted patents. Applicants explained that, based on public information, at least Siemens AG, Robert Bosch GmbH, Hitachi Ltd., Microsoft Corporation, NEC Corporation, Sony

9

Corporation, and JVC Kenwood Holdings, Inc. appear to have licenses to NST's patents. Dkt. 1-1 at 12. Respondents do not deny this. Applicants' requested discovery is targeted toward developing license-based defenses. In addition, Respondents provide no reason why discovery concerning issues of damages is not relevant. Applicants' Request for Production Nos. 7 and 10-13 address damages issues and are undisputedly relevant. *See* Dkt. 1-1 at 11-12.

Fourth, Respondents have forfeited the ability to object on grounds of relevance or burden because they failed to serve any written objections to Applicants' subpoenas. As Applicants explained, Respondents had several opportunities to object to the subpoenas but never did so. *See* Dkt. 24 at 16-17 (citing Fed. R. Civ. P. 45(d)(2)(B) and cases finding waiver). Even Respondents' motion to quash and vacate was filed a month after the March 25, 2024 deadline for objections to Applicants' subpoenas. Dkt. 24 at 5; Dkt. 23. The Recommended Decision is correct, moreover, that if it is adopted then Respondents' forfeiture may be considered "moot." Dkt. 35 at 10 n.4. Respondents' forfeiture is simply one additional reason to find that the Recommended Decision did not err in weighing *Intel*'s fourth factor to favor discovery.

E.   **Applicants Respectfully Request an Order Compelling Compliance**

As before the Magistrate Judge, Dkt. 24 at 18, Applicants respectfully request a Court order compelling compliance with their subpoenas. *E.E.O.C. v. Kohl's Dept. Stores, Inc.*, No. 2:11-cv-320-JAW, 2012 WL 639693, at *1 (D. Me. Feb. 27, 2012) ("For the reasons that follow, the Motion [to Quash] is **DENIED**, and the defendant's request, in its response to the Motion, for an order compelling enforcement of the subpoenas . . . is **GRANTED**.") (emphasis in original).

V.   **CONCLUSION**

For the reasons above, Applicants respectfully request that Respondents' objections be overruled and that Respondents be compelled to comply with Applicants' requested discovery.

Dated: November 6, 2024

By: */s/ Adam S. Taylor*
Adam S. Taylor (Bar No. 009078)
TAYLOR MCCORMACK & FRAME, LLC
267 Commercial Street
Portland, ME 04101
ataylor@tmfattorneys.com
Tel: 207-347-4265

Elliot C. Cook
Luke H. MacDonald
FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP
1875 Explorer Street, 8th Floor
Reston, VA 20190-6023
elliot.cook@finnegan.com
luke.macdonald@finnegan.com
Tel: (571) 203-2700

*Attorneys for Applicants
Volkswagen AG and Audi AG*